(107 So. 726)

## DAVIS v. STATE. (7 Div. 131.)

(Court of Appeals of Alabama. March 23, 1926.)

**1. Criminal law ⬤══829(18).**

Refusal of requested charges defining reasonable doubt *held* not reversible error, where amply covered by oral charge as to correct portions.

**2. Criminal law ⬤══427(4)—In proving conspiracy, any fact, or circumstance, tending to prove a concurring agreement to carry into effect a common purpose, is admissible.**

In proving conspiracy, any fact, or circumstance, direct or circumstantial, tending to prove a concurring agreement to carry into effect a common purpose to commit the crime, is admissible.

**3. Criminal law ⬤══422(5)—Declarations of one of conspirators that he intended to commit the crime inadmissible to prove that defendant and he were not jointly guilty.**

Conversations had by one of conspirators with third parties to the effect that he intended to commit the crime would not be admissible to prove that he and defendant were not jointly guilty; such conversation being res inter alios acta and irrelevant and immaterial.

**4. Criminal law ⬤══510.**

There can be no conviction of a felony on the uncorroborated testimony of an accomplice (Code 1923, § 5635).

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Harland Davis was convicted of assault with intent to murder, and he appeals. Affirmed.

C. W. McKay, of Ashland, for appellant.

There can be no conviction on the uncorroborated testimony of an accomplice. Harris v. State, ante, p. 67, 105 So. 389; Code 1923, § 5635. All conversations and actions incident to the transaction and leading up to the assault are admissible. Jordan v. State, 1 So. 577, 81 Ala. 20; Saulsberry v. State, 59 So. 476, 178 Ala. 16.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Hearsay and self-serving testimony is inadmissible. Savage v. State, 100 So. 919, 20 Ala. App. 99.

SAMFORD, J. The admitted facts in this case disclose an assault to murder Isaac Mitchell. The shot constituting the assault

was fired by one Curtis Hurst. The state relies for a conviction of this defendant upon evidence showing a conspiracy to commit the deed. Of this there was ample evidence to justify the jury in reaching the conclusion that defendant was guilty. The affirmative charge requested by defendant was properly refused.

[1] Charges requested by defendant defining a reasonable doubt where stating correct propositions of law were amply covered by the court in its oral charge.

[2, 3] There were many exceptions reserved during the taking of the testimony, a large number of which are without merit. In proving a conspiracy, any fact or circumstance, either direct or circumstantial, tending to prove a concurring agreement to carry into effect a common purpose to commit the crime, is admissible in evidence. Lancaster v. State (Ala. App.) 106 So. 609.[1] On the other hand, conversations had by one of the conspirators with third parties to the effect that he intended to commit the crime would not be admissible to prove that defendant and he were not jointly guilty. Such conversations are res inter alios acta, are irrelevant, and immaterial.

[4] There can be no conviction of a felony on the uncorroborated testimony of an accomplice. Code 1923, § 5635, but in this case the corroboration was ample.

We find no error in the record, and the judgment is affirmed.

Affirmed.

